## Mary Collins, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 18,383. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Mary Collins against Chicago City Railway Company for damages for personal injuries. From a judgment for plaintiff for two thousand dollars, defendant appeals.

JAMES G. CONDON and WATSON J. FERRY, for appellants; LEONARD A. BUSBY, of counsel.

BLAISDELL & RANES, for appellees; H. F. BREWER, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1447*—*what constitutes prejudicial error.* Where two counts of a declaration for personal injuries each state a good cause of action which there is evidence to support, the refusal of the court to instruct the jury to find the defendant not guilty under a third count charging "wilful and wanton misconduct," which is unsupported by the evidence, is not prejudicial error warranting reversal.

2. STREET RAILROADS, § 62*—*what constitutes negligence in operation.* In an action for personal injuries sustained by a woman while attempting to board an electric street car, due to the jolting or sudden starting of such car, *held* that the question as to whether the defendant was guilty of negligence was for the jury, and that their verdict was not manifestly against the evidence.

3. APPEAL AND ERROR, § 1490*—*what exclusion of evidence is harmless.* Where the conductor of the car had testified that the motorman was trying to put plaintiff on the car and "she refused," causing a delay of several minutes, the conductor, in answer to a further question as to why the car was delayed, replied "because she refused to get on." On motion of plaintiff this answer was stricken. *Held,* the exclusion of this latter statement was not prejudicial error, even assuming that the statement was one of fact and not an expression of an opinion or conclusion.

4. INSTRUCTIONS, § 138*—*when requested instructions need not be given.* The refusal to give certain instructions is not prejudicial error where the matter is sufficiently covered by the instructions given.